IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSS F. TREMAINE,<br><br>               Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES, INC., a Nebraska nonprofit corporation;<br><br>               Defendant. | 8:16CV488<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 6, filed by Defendant Goodwill Industries, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motion will be granted, and the Plaintiff's Third Claim for Relief, asserting a violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §48-1101 *et seq.* ("NFEPA"), will be dismissed.

## BACKGROUND

For purposes of the pending Motion, the facts alleged in the Plaintiff's First Amended Complaint, ECF 5, ("Comp."), are presumed to be true. The following is a summary of those facts.

Defendant employed Plaintiff Ross F. Tremaine ("Tremaine") as a Facilities Manager beginning on October 15, 2011, and eventually promoted him to Facilities Director. Comp. ¶ 1, ECF No. 5, Page ID 21. Defendant terminated Tremaine's employment on July 10, 2015, and Tremaine filed this lawsuit alleging age and sex discrimination in violation of state and federal law as well as retaliation for opposing an unlawful practice or act in violation of the NFEPA, at Neb. Rev. Stat § 48-1114(3).

Comp. ¶ 49, ECF No. 5, Page ID 35. Defendant now moves to dismiss Tremaine's NFEPA claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 6.

Tremaine asserts that in March of 2015, he notified Defendant's executive board that its West Center retail store located at 8310 Spring Street (the "West Center Store") was infested with bed bugs. Comp. ¶ 4, ECF No. 5, Page ID 22. Accordingly, he recommended that the West Center Store be closed immediately and until the infestation could be treated because "it posed a threat to the public and constituted a public health violation." *Id*. Defendant's executive board, however, decided the bed bug treatment should coincide with a previously scheduled shelving installation, leaving the West Center Store open and untreated for four days. *Id*. Tremaine allegedly opposed this course of action, and he asserts that the Defendant terminated his employment in retaliation. Comp. ¶ 55-7, ECF No. 5, Page ID 36. Defendant cited Tremaine's unauthorized personal use of company tools as the basis for his termination. Comp. ¶ 55, ECF No. 5, Page ID 36. Tremaine, however, maintains his use of company tools was a pretext, and that Defendant terminated him in retaliation for his "outspoken opposition to [Defendant's] improper and illegal handling of the West Center Store's bed bug infestation." Comp. ¶ 58, ECF No. 5, Page ID 36.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber,* 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and '"that a recovery is very remote and unlikely."'" *Twombly*, 550 U.S. at 555-56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Retaliation claims under the NFEPA are governed by the same standard as claims for retaliation under Title VII. *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (quoting *City of Fort Calhoun v. Collins*, 243 Neb. 528, 531 (1993) (explaining the NFEPA "is patterned after Title VII" and "it is appropriate to consider federal court decisions construing the federal legislation")). To establish a prima facie case of discrimination under the NFEPA, a plaintiff must show "(1) she engaged in a statutorily protected activity, (2) an adverse employment action was taken against her, and (3) a causal connection exists between the two events." *Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1167 (D. Neb. 2012) (citing *Gacek v. Owens & Minor Distribution, Inc.*, 666 F.3d 1142, 1146 (8th Cir. 2012)).

Section 48-1114(3) protects employees from employer discrimination where the employee "oppose[s] any practice or refuse[s] to carry out any action unlawful[1] under federal law or the laws of this state." Neb. Rev. Stat. § 48-1114(3). This statutory protection is only afforded, however, "when the employee reasonably and in good faith believes the [employer's] act to be unlawful." *Wolfe v. Becton Dickinson and Co.*, 266 Neb. 53, 61 (2003). Thus, "[t]he plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable . . . ." *Hamner v. St. Vincent Hosp. and Health Care Ctr.*, 224 F.3d 701, 707 (7th Cir. 2000). "In order for such a belief to be reasonable, the act believed to be unlawful must either in fact be unlawful or at least be of a type that is unlawful." *Wolf*, 266 Neb. at 606.

---

[1] Section 48-1102 of the NFEPA clarifies that "[u]nlawful under federal law or the laws of this state shall mean acting contrary to or in defiance of the law or disobeying or disregarding the law." Neb. Rev. Stat. § 48-1102.

4

Defendant assert Tremaine has not pled sufficient facts to show he opposed an unlawful activity or practice and, as such, he cannot maintain a claim under § 48-1114(3), based on alleged retaliation for engaging in statutorily protected activity. *See* ECF No. 7, Page ID 45-6. While it may be inferred from the allegations in Tremaine's Amended Complaint that he believed the Defendant violated state or federal law when it kept the West Center Store open for four days despite an alleged bed bug infestation, Tremaine has not pled facts that show Defendant engaged in activity that is "in fact [ ] unlawful or at least [ ] of a type that is unlawful." *Wolfe*, 266 Neb. at 606. Tremaine's subjective belief that Defendant acted unlawfully does not constitute "enough facts to state a claim to relief" under § 48-1114(3) "that is plausible on its face." *Corrado*, 804 F.3d at 917 (quoting *Twombly,* 550 U.S. at 570).

Although Tremaine alleges that he "was aware that knowingly keeping the store open while the facility was infested with bed bugs [constituted] a public health code violation," he fails to cite any health code or other body of law that prohibited such conduct. Comp. ¶ 53, ECF No. 5, Page ID 35. Rather, he repeats "mere conclusory statements" that Defendant committed public health violations, which do not suffice for purposes of stating a claim. *Zink*, 783 F.3d at 1098 (quoting *Iqbal*, 556 U.S. at 678).

A retaliation claim under § 1114(3) cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), where the plaintiff fails to state any facts that show, at some level, that the defendant violated federal or Nebraska state law. *See Wolfe*, 266 Neb. at 606 (citing *Hamner*, 224 F.3d at 707 ("[i]f a plaintiff opposed conduct that was not proscribed by [law], no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable")).

5

Tremaine's brief in opposition to Defendant's Motion cites to the Environmental Protection Agency ("EPA") website, *Bed Bugs are Public Health Pests*, EPA, (Jan. 23, 2017), https://www.epa.gov/bedbugs/bed-bugs-are-public-health-pests., and the Nebraska Administrative Code, 25 Neb. Admin. Code § 2-005.02B(8)(a), in an attempt to remedy the defective Amended Complaint.[2]  ECF No. 9, Page ID 56.  The EPA website excerpt provides nothing more than health information on bed bugs.  The cited Nebraska Administrative Code section regulates standards for pesticide applicators and provides no insight to the legality of Defendant's conduct with respect to the alleged bed bug infestation.  Tremaine's citation to these sources does not remedy the Amended Complaint's failure to state a claim under § 48-1114(3) of the NFEPA.

Tremaine's brief offers the theory of premises liability as the basis for his belief that Defendant acted unlawfully.  ECF No. 9, Page ID 56-7.  The Nebraska Supreme Court, however, has not recognized opposition to potential premises liability, or potential civil liability in general, as a basis for a retaliation claim under § 48-1114(3).  "When the forum state's highest court has not decided an issue, federal courts . . . must attempt to predict how the state's highest court would resolve the question."  *Highland Indus. Park, Inc. v. BEI Defense Systems Co.*, 357 F.3d 794, 798 (8th Cir. 2004).  The Nebraska Supreme Court has provided some guidance in stating that the NFEPA is "not a general 'bad acts' statute," *Wolfe*, 266 Neb. at 58 (quoting *Wimmer v. Suffolk County Police Dept.*, 176 F.3d 125, 135 (2d Cir. 1999), and, as such, this Court will not attempt to

---

[2] Tremaine's Amended Complaint does not make reference to either of these sources and alleges no violation of law thereunder.

interpret or extend Nebraska law to recognize opposition to potential civil liability as a legitimate basis for a retaliation claim under § 48-1114(3) of the NFEPA.  Accordingly,

IT IS ORDERED:

    1.    The Defendant's Motion to Dismiss, ECF No. 6, is granted;

    2.    The Plaintiff's Third Claim for Relief, based on alleged violations of the Nebraska Fair Employment Practices Act, is dismissed; and

    3.    The Defendant will respond to the remaining allegations in the Plaintiff's First Amended Complaint on or before February 13, 2017.

Dated this 27th day of January, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge