IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSS F. TREMAINE,<br><br>     Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES, INC., a Nebraska nonprofit corporation;<br><br>     Defendant. | **8:16CV488**<br><br>**STIPULATED AMENDED PROTECTIVE ORDER** |

   This matter is before the Court on the parties' Stipulation for entry of an Amended Protective Order ([Filing No. 34](#)). The Court finds the Stipulation should be approved. Accordingly,

   **IT IS ORDERED:** That the Stipulation for Amended Protective Order and Amended Protective Order ([Filing No. 34](#)) is approved, and the parties' stipulated amended protective order is entered as follows:

   Plaintiff Ross F. Tremaine ("Tremaine") and Defendant Goodwill Industries, Inc. ("Goodwill") (Tremaine and Goodwill are hereafter collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Amended Protective Order:

   1.  In this action, the Parties are seeking Confidential Information (as defined in Paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that the need for this Amended Protective Order also applies to any information or materials produced by a non-party as a result of discovery subpoenas or other requests. The Parties have entered into this Stipulation and request the Court enter this Amended Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any Party or non-party except as set forth herein. The terms of this Amended Protective Order shall apply to any information or materials produced by any Party or non-party as part of discovery

in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Amended Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2. <u>Definition of "Confidential Information.</u>" Under the terms of this Amended Protective Order, "Confidential Information" means any document, file, electronic material portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties or a non-party (in the manner provided in Paragraph 3 below) as containing or comprising confidential or sensitive information or other trade secrets or proprietary business information. In connection with this Stipulation and Amended Protective Order, Confidential Information shall constitute one of two categories of information or materials, as follows:

    a. "<u>Confidential Material</u>" shall be documents, information or materials the release of which would harm one of the Parties, including but not limited to, medical information related to Tremaine, non-public financial or business records, personnel records of non-parties, internal personnel policies and procedures of Goodwill and any affiliate entity, and other information which is private in nature and may have the effect, if not deemed to be confidential, of embarrassing, humiliating or otherwise invading the privacy of a Party, and could potentially cause significant public and private harm, humiliation and exposure to the Parties. Such information or materials may only be so designated if they are not otherwise publicly available.

    b. "<u>Confidential – Attorneys' Eyes Only</u>" shall be information or materials which relates to highly sensitive financial, personnel and proprietary information for which any unprotected disclosure would harm the commercial or business interests of the designating Party. Such information or materials may only be designated if they are not otherwise publicly available.

3. <u>Designation of "Confidential Information.</u>" Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by

inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

   a.   By imprinting the words "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only,</u>" as appropriate, on at least the first page or cover of any document produced;

   b.   By imprinting the words "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only,</u>" as appropriate, next to or above any response to a discovery request; and

   c.   With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only,</u>" as appropriate, no later than twenty (20) calendar days after the entry of this Amended Scheduling Order or receipt of the transcribed testimony, whichever is earlier.

   During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only,</u>" as appropriate. If during the course of a deposition, a document or other material that has previously been designated "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>" is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4.   <u>Restrictions on Confidential Information</u>.   All Confidential Information provided by a Party or a non-party in response to a discovery request, in connection with a deposition, or as transcribed testimony shall be subject to the following restrictions:

   a.   "<u>Confidential Material</u>":

      i.   "<u>Confidential Material</u>" shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

      ii.  "<u>Confidential Material</u>" shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

      iii. "<u>Confidential Material</u>" may only be disclosed or communicated to the following persons:

(a) The Parties and employees or agents of the Parties;

(b) The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

(c) The Parties' in-house counsel;

(d) Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

(e) Independent document reproduction services or document or video recording and retrieval services;

(f) Non-technical jury or trial consulting services retained by counsel for a Party;

(g) Expert witnesses retained or consulted by the Parties in connection with this litigation;

(h) Witnesses; and

(i) The finder of fact or concluder of law.

iv. <u>Undertaking</u>: Confidential Materials may be disclosed only to the persons listed in Paragraph 4.a.iii, subparagraphs (d), (e), (f), (g), and (h) only after such person(s) have executed a declaration in the form attached as Exhibit A.

b. "<u>Confidential – Attorneys' Eyes Only</u>" Material:

i. "<u>Confidential – Attorneys' Eyes Only Material</u> shall be used only for the purpose of this litigation and may not be used for any other purpose outside the reasonable conduct of this case.

ii. The receiving Party's counsel shall ensure that the information is disclosed or communicated only to persons as designated above in Paragraph 4.a.iii, subparagraphs (b) and (c). "<u>Confidential – Attorneys' Eyes Only</u>" may be disclosed to those persons listed in Paragraph 4.a.iii, subparagraph (g) only after such person(s) have executed a declaration in the form attached as Exhibit B.

5. <u>Use of Confidential Information in Court Proceedings</u>.  In the event any Confidential Information is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use.  Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the applicable pages with the following legend: "Contains Confidential Information Subject To Protective Order."  All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under seal pursuant to any rules or orders pertaining to the filing of information and documents under seal.

6. <u>Continuing Duty</u>.  The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Amended Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Amended Protective Order.  The Parties agree that in no event shall the obligations of this Amended Protective Order continue beyond two years from the final disposition of this matter, by order, settlement, or otherwise.

7. <u>Protective Order Not Admission</u>.  By agreeing to the entry of this Amended Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Furthermore, by producing or receiving information or material designated as "<u>Confidential Material</u>" or "<u>Confidential – Attorneys' Eyes Only</u>" or by otherwise complying with the terms of this Amended Protective Order, such conduct shall not be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

8. <u>Obligations After Final Disposition</u>. The provisions of this Amended Protective Order shall, absent written permission of the producing Party, or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands. Upon final determination of this action, including all appeals, each party should be required to destroy documents or materials containing Confidential Information or return it to the party or non-party that produced it.

9. <u>No Bar to Seeking Further Relief</u>. Nothing in this Amended Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

10. <u>Treatment of Confidential Information at Trial</u>. In the event any Confidential Information is to be used in any court proceeding or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such proceeding, and shall move the Court to incorporate such procedures.

11. <u>Examination of Witnesses Regarding "Confidential Information."</u> Any person may be examined as a witness at trial or during a deposition concerning any information or material that has been designated as "Confidential Information" provided that the witness executes a declaration in the form attached as Exhibit A prior to receipt of "Confidential Information." The witness shall not keep any "Confidential Information." During such examination, any such witness may be shown information or material designated as "Confidential Information" which appears on its face or from other documents or testimony to have been received or authored by that witness. Whenever a person appears from the face of a document that has been designated as "Confidential

Information" to have been the author or lawful recipient of that document, such person may be shown, but not permitted to retain custody of, that specific document shown to them despite the restrictions on access set out in Paragraph 4 of this Amended Protective Order.

12. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information</u>. If a Party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, ***unless*** it reasonably appears from the face of the material that it contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under this Amended Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

13. <u>Inadvertent Production of Privileged Materials</u>. If a Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges. In such circumstances, if the receiving Party discovers such inadvertent disclosure, the receiving Party must immediately notify the producing Party and return or confirm destruction of the privileged materials. Within five (5) business days of receiving such notification, the receiving Party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

14. <u>Binding Effect of Protective Order Before Entry by Court</u>.  The Parties agree to be bound by the terms of this Stipulation and Amended Protective Order pending its entry by the Court, or pending entry of an alternative thereto.  Any violation of the terms of this Stipulation prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if this Stipulation had been entered as an order of the Court.

15. <u>Obligations Under Subpoena in Other Action</u>.  If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within ten (10) business days of its receipt of such subpoena, demand, or legal process.

Dated this 26th day of January, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

# **EXHIBIT A – "Confidential Material"**

**DECLARATION OF** _____

_____ swears or affirms and states under penalty of perjury:

      1. I have read the Amended Protective Order in this action, *Ross F. Tremaine v. Goodwill Industries, Inc.*, Civil Action No. 8:16-cv-00488 in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

      2. I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential Material" under the Amended Protective Order.

      3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential Material," or any other Confidential Information, shown or told to me except as authorized in the Amended Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

      4. For the purposes of enforcing the terms of the Amended Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

      5. I will abide by the terms of the Amended Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_)_____

# EXHIBIT B – "Confidential – Attorneys' Eyes Only" Material

## DECLARATION OF _____

_____ swears or affirms and states under penalty of perjury:

1. I have read the Amended Protective Order in this action, *Ross F. Tremaine v. Goodwill Industries, Inc.*, Civil Action No. 8:16-cv-00488 in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential Material" or "Confidential – Attorneys' Eyes Only" and which were produced by the opposing Party subject to the Amended Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential Material" or "Confidential – Attorneys' Eyes Only" Material or any other Confidential Information, shown or told to me except as authorized in the Amended Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

4. For the purposes of enforcing the terms of the Amended Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5. I will abide by the terms of the Amended Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (___)_____